UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 24-CR-170 (CKK) |
| v. | : |
| | : |
| JOHN C. WORRELL, III | : |
| | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF DEFERRED PROSECUTION AGREEMENT

### I.  Penalties

The penalties for Theft of Government Property, in violation of Title 18, United States Code, 641, are:

(A)  a term of imprisonment not more than 10 years;

(B)  a fine not to exceed $250,000;

(C)  a term of supervised release of not more than 3 years; and

(D)  a special assessment of $100.

The penalties for Interstate Transportation of a Stolen Vehicle, in violation of Title 18, United States Code, 2312:

(A)  a term of imprisonment not more than 10 years;

(B)  a fine not to exceed $250,000;

(C)  a term of supervised release of at least 3 years; and

(D)  a special assessment of $100.

Doc ID: 30b44b5bae3d448bc329649e655a7f45523d3961

## Elements of the Offense

To prove that the defendant is guilty of Theft of Government Property, the government must prove the following beyond a reasonable doubt:

1. That the defendant knowingly and willfully and with the specific intent to deprive the government of the use and benefit of its property.
2. That the property is valued over $1000.

To prove that the defendant is guilty of Interstate Transportation of Stolen Vehicle, the government must prove the following beyond a reasonable doubt:

1. The dark green ford was stolen;
2. After the vehicle was stolen, the defendant moved the vehicle across a state line and knew it was stolen.

## Proffer of Evidence

On February 6, 2024 the defendant, John Worrell took an FBI-issued vehicle, a dark green four-door Ford sedan, from the FBI Headquarters located at 935 Pennsylvania Avenue, NW, Washington, D.C. without authorization. The vehicle had been parked in a FBI parking lot and the Victim Agent left his credentials in the vehicle. The defendant drove the vehicle across state lines into Vienna, Virginia and entered the driveway of another FBI facility and attempted to enter the restricted facility.

The defendant identified himself as the Victim Agent to a security guard at the gate and displayed the Victim Agent's FBI credentials, which had been in a bag in the Victim Agent's FBI-issued vehicle, to the guard. The defendant claimed to have a classified meeting at the Vienna FBI facility. When the defendant was unable to provide the FBI access cards that matched the Victim

Doc ID: 30b44b5bae3d448bc329649e655a7f45523d3961

Agent's identity, the defendant was denied access to the facility and was directed to park in a nearby visitor lot.

The defendant subsequently parked the Victim Agent's FBI-issued vehicle in the visitor lot at approximately 2:03 p.m. At approximately 2:10 p.m., the defendant backed the stolen FBI vehicle out of the parking spot and again approached the guard shack. The defendant was again denied access to the FBI facility and directed back to the visitor lot. The defendant parked the Victim Agent's FBI-issued vehicle at approximately 2:11 p.m., then emerged from the vehicle at approximately 2:12 p.m. Over the course of the next 45 minutes, the defendant was repeatedly approached by security personnel. After repeated requests by security personnel, the defendant provided his Virginia Driver's License. The picture and name on the Virginia Driver's License did not match the name and photograph on the Victim Agent's FBI credentials presented by the defendant. Security personnel subsequently requested the defendant provide the last 4 digits of his Social Security Number (SSN). The SSN provided to security personnel by the defendant did not match the SSN associated with the FBI Credentials in FBI databases.

Vienna Police Department ("Vienna PD") arrived at the Vienna FBI facility at approximately 3:02 p.m. After being verbally advised of his Miranda Rights, the defendant stated in substance that he stole the vehicle from the FBI garage; the keys were inside the vehicle on the dashboard; and the vehicle was unlocked. The defendant did not identify himself as an agent to the Vienna PD officers.

During the interaction with Vienna PD, the defendant consented to a search of the stolen FBI-issued vehicle. When Vienna PD officers asked the defendant if he had any weapons, the defendant stated that he did not have any on his person, and there were none in the vehicle to his

knowledge. During the consent search of the Victim Agent's FBI-issued vehicle, a loaded handgun magazine was recovered by Vienna PD officers from a fanny pack belonging to the Victim Agent. The fanny pack was located in the front passenger seat of the stolen FBI vehicle. The jacket and the sunglasses that the defendant was wearing while speaking with Vienna PD were also determined to belong to the Victim Agent. The defendant was detained by Vienna PD and transferred to the custody of the FBI Police.

FBI Special Agents conducted a consensual, audio and video recorded, Mirandized interview of the defendant. During the interview, the defendant stated that he did not have permission to use the FBI-issued vehicle; that he did not know which FBI employee the vehicle was assigned to; and that the defendant drove the FBI-owned vehicle from FBI HQ, located in the District of Columbia, to the Vienna FBI facility located in the Commonwealth of Virginia and attempted to gain access to the Vienna FBI facility utilizing law enforcement credentials that were not his own. The defendant stated that he lived in Virginia and recounted his route of travel from FBI HQ to the Vienna FBI facility. The defendant believed he had been receiving coded messages, which appeared in various forms including e-mails, "stage whispering," and a variety of different context clues over the course of several weeks, indicating that the defendant was in danger, and thus he was attempting to go to a secure facility where he could be "safe."

FBI records indicate that on February 6, 2024, the defendant was employed by an outside government contracting agency and assigned to FBI HQ. The defendant's status as an FBI contractor granted him authorized access to FBI HQ as part of his job and the defendant had reported to work at FBI HQ that day. As part of his work as an FBI contractor, the defendant was issued an FBI contractor access badge. The defendant has never been issued FBI law enforcement

Doc ID: 30b44b5bae3d448bc329649e655a7f45523d3961

credentials because the defendant was not a sworn law enforcement officer. The defendant was familiar with the location and function of the FBI facility in Vienna due to having previously visited the site as part of his employment.

The Victim Agent does not know the defendant and did not authorize him to use his government-issued vehicle nor his credentials. The government-issued vehicle was valued over $1000.

Respectfully Submitted,

/s/ Shehzad Akhtar
Shehzad Akhtar
Assistant United States Attorney

Doc ID: 30b44b5bae3d448bc329649e655a7f45523d3961

## DEFENDANT'S ACCEPTANCE

I have read this Statement of Offense and carefully reviewed every part of it with my attorney, Jay Mykytiuk, Esq. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: 06 / 26 / 2024

John C. Worrell, III
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Proffer of Facts and carefully reviewed it with my client and discussed it fully. I do not object to my client's agreement with and acceptance of this Proffer of Facts.

Date: 06 / 26 / 2024

Jay Mykytiuk
Attorney for John Worrell

6

**Dropbox** Sign                                                                                          Audit trail

| | |
|---|---|
| **Title** | Worrell Statement of Offense 6_25_2024.pdf |
| **File name** | Worrell%20Stateme...e%206_25_2024.pdf |
| **Document ID** | 30b44b5bae3d448bc329649e655a7f45523d3961 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT** — 06 / 26 / 2024 15:04:51 UTC
Sent for signature to John Worrell (lauren.worrell03@gmail.com) and Jay Paul Mykytiuk (jpm@monumentlegal.com) from jpm@monumentlegal.com
IP: 71.191.219.190

**VIEWED** — 06 / 26 / 2024 15:08:04 UTC
Viewed by Jay Paul Mykytiuk (jpm@monumentlegal.com)
IP: 71.191.219.190

**SIGNED** — 06 / 26 / 2024 15:08:22 UTC
Signed by Jay Paul Mykytiuk (jpm@monumentlegal.com)
IP: 71.191.219.190

**VIEWED** — 06 / 26 / 2024 15:19:30 UTC
Viewed by John Worrell (lauren.worrell03@gmail.com)
IP: 71.115.140.77

**SIGNED** — 06 / 26 / 2024 15:20:31 UTC
Signed by John Worrell (lauren.worrell03@gmail.com)
IP: 71.115.140.77

**COMPLETED** — 06 / 26 / 2024 15:20:31 UTC
The document has been completed.

Powered by **Dropbox** Sign